J-S41037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON BASKIN | : | |
| | : | |
| Appellant | : | No. 464 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 21, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003224-2022

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: December 22, 2023**

Appellant, Devon Baskin, appeals from the Judgment of Sentence entered on November 21, 2022 in the Allegheny Court of Common Pleas. We affirm.

The relevant facts and procedural history are as follows: Appellant was arrested on October 2, 2021, following a minor collision and was charged with DUI – General Impairment, DUI – Highest Rate, and several summary offenses. A suppression hearing and non-jury trial were held on October 27, 2022. At the proceedings, arresting Officer Matthew Miller of the Port Authority Police and Ms. Toya Worthy, Appellant's passenger, testified.

Officer Miller's testimony established that on October 2, 2021, he reported to the scene where a vehicle and a Port Authority bus had collided.

_____

[*] Former Justice specially assigned to the Superior Court.

N.T. at 5. The vehicle was owned by Appellant. When the officer arrived on the scene, he saw the previous occupants of the vehicle, a male and female, outside the car on the sidewalk. N.T. at 6. When he asked who had been driving the car, Appellant stated that he had been. *Id*. The officer detected a slight odor of alcohol on Appellant's breath and observed other symptoms of intoxication such as slurred speech, glassy, watery eyes, and slow response time, so Appellant was asked to perform a field sobriety test. N.T. at 7. Appellant complied without incident. N.T. at 7-9. Officer Miller testified that Appellant failed one test, passed one test, and refused to do a third when he commented, "[I] could not do that if [I] was sober." N.T. at 7. He was transported to UPMC Mercy Hospital where his blood was drawn which revealed a BAC of .247. N.T. at 31.

Ms. Worthy testified that she, not Appellant, had been driving the vehicle and stated that it was planned before going out that she would be the designated driver. N.T. at 36. She stated that she didn't realize Appellant was being arrested for DUI because it was never discussed with her and the scene was "chaotic," so she never told the officer at the scene that she had been the one driving. N.T. at 37. She also stated, absent from the officer's testimony, that Appellant was "really belligerent" and "out there" with the police. N.T. at 37, 38. She assumed his arrest was for his behavior. N.T. at 38-39. When asked why she had this belief even after Appellant was performing field sobriety tests, she stated she was on a "side conversation on the phone." N.T. at 38.

- 2 -

After the non-jury trial, Appellant was found guilty of both DUI counts[1] and acquitted of the summary offenses. On November 21, 2022, Appellant was sentenced to three to six days in prison followed by six months' probation but was given the option to complete the DUI Alternative to Jail Program. Appellant filed a post sentence-motion which was denied by operation of law on March 21, 2023. This appeal followed.

Appellant raises one issue on appeal: "Whether the Trial Court abused its discretion in denying Mr. Baskin's post-sentence motion for a new trial where the verdicts of guilty for DUI were against the weight of the evidence." Appellant's Br. at 4.

When considering challenges to the weight of the evidence, we apply the following precepts: "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and quotation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert, supra*.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the

---

[1] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(c).

post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id*.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 546 (quotation omitted). Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (quotation marks and quotation omitted).

Here, Appellant argues that Ms. Worthy, who was standing with him outside the vehicle at the time the police arrived, was the designated driver of the car on the night of the accident and was the individual in control of the vehicle. Appellant's Br. at 14. Appellant argues that the police never personally saw him behind the steering wheel. *Id.* at 14. He further claims that Ms. Worthy credibly testified that the reason she never told the police at the scene that she was in fact the driver was because the scene was chaotic, she was on the phone, and she thought Appellant was being arrested for his behavior, not for DUI. N.T. at 37-39. Since the police never discussed with her why Appellant was being arrested, she never had the opportunity to claim responsibility for driving when the accident occurred. *Id*.

The trial court rejected Appellant's weight of the evidence claim, and we find no abuse of discretion in this regard. We note the trial court was free to determine the weight of the fact that Appellant admitted at the scene that he was the driver of the vehicle. Appellant argues that due to his level of intoxication that night, nothing he said should be taken at face value. Appellant's Br. at 14. To the extent that Appellant suggests that his own intoxication renders his statements incredible, it is illogical to allow an individual to rely on his level of intoxication to relieve him of the consequences of his words and actions; indeed, the trial court could just as likely have believed that Appellant's level of intoxication made it more likely that the truth would be uttered given the absence of the opportunity for calculated misstatement. Regardless, it is not the function of this Court to substitute its credibility determinations over that of the trial court. **Talbert, supra**.

As factfinder, the trial court was free to give more weight to the officer's testimony that Appellant admitted to driving and had a slight odor of alcohol, glassy, watery eyes, slurred speech, and a slow response time, because it found the testimony credible. The finding of credibility is supported by the trial court's statement that the officer testified he detected only a slight odor of alcohol rather than trying to "pile it on and say like he had a really strong odor of alcohol." N.T. at 43.

The trial court was also free to give no weight to the testimony of Ms. Worthy because it found her testimony to lack credibility. The court's finding of a lack of credibility is supported by the fact that Ms. Worthy testified that

she believed Appellant was being arrested for behaving belligerently with the police, N.T. at 37-38, but the arresting officer never testified that Appellant was belligerent or uncooperative. The trial court found this "odd" and that it "def[ied] . . . logic" since it would have constituted additional evidence of impairment. N.T. at 42. The trial court was also free to infer that Ms. Worthy did know Appellant was being arrested for DUI, despite her testimony that she was unaware, because Ms. Worthy observed the entire encounter between Appellant and the police, was present for Appellant's performance of the field sobriety tests, and watched Appellant be arrested. N.T. at 44. Still, she never notified the officer that she had been driving.

To the extent Appellant requests that we re-weigh the evidence and assess the credibility of the witnesses presented at trial, we emphasize that it is a task that is beyond our scope of review. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact"). Accordingly, the trial court's verdict was not against the weight of the evidence.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/22/2023